IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES ALAN BAKER PETITIONER

v. NO. 5:07CV00166 SWW-JFF

LARRY NORRIS, Director,
Arkansas Department of Correction RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Magistrate Judge recommends that the petition be summarily dismissed without prejudice for lack of jurisdiction.

On or about September 23, 2002, Petitioner plead guilty in Monroe County Circuit Court in case number CR-2001-90 to criminal conspiracy to manufacture, deliver, and possess a controlled substance. He was sentenced to eighty-four months' imprisonment in the Arkansas Department of Correction ("ADC"). On August 4, 2004, Petitioner entered a negotiated plea of guilty in Monroe County Circuit Court in case number CR-2003-30 to possession of drug paraphernalia with intent to manufacture

methamphetamine, a violation of Ark. Code Ann. § 5-64-403(c)(5) (Supp. 2003). Petitioner was sentenced to 180 months' imprisonment in the ADC. The sentence was run concurrently with his prior eighty-four month sentence. The judgment and commitment order was filed on August 5, 2004, correctly stating the name of the offense, the sentence, and the days of jail time credit (533 days). However, the judgment incorrectly indicated that the statute number of the offense was Ark. Code Ann. § 5-64-401, which sets the penalties for manufacturing, delivering, and possessing with intent to manufacture or deliver controlled substances. An amended judgment and commitment order was filed on October 29, 2004, stating that the statute number of the offense was Ark. Code Ann. § 5-64-403. Otherwise, the amended judgment was the same as the initial judgment. Because Petitioner plead guilty, he could not file a direct appeal from his conviction. Ark. R. App. P.--Crim 1(a). Petitioner did not file a post-conviction petition in circuit court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

On October 22, 2004, an ADC records employee, in response to Petitioner's request for his release date, informed Petitioner that his 180-month sentence from Monroe County had not been entered due to pending paperwork from the Circuit Clerk's Office and that there was no way "at this time" to tell when he would be released. Petitioner was informed that he would be notified when the new time had been entered. On or about November 10, 2004, the ADC furnished Petitioner with a time computation card reflecting both of his convictions and sentences from Monroe County, his discharge date of February 17, 2018, and his transfer eligibility date of

August 18, 2013. His transfer eligibility date before the ADC entered his 180-month sentence was January 4, 2005. On November 17, 2004, Petitioner was informed by the ADC that he would have to serve 70% of his sentence before being parole eligible.

On December 14, 2004, Petitioner filed a § 2254 petition in this Court challenging his conviction and 180-month sentence for possession of drug paraphernalia with intent to manufacture methamphetamine in CR-2003-30. He raised the following ground for relief: Counsel was ineffective for erroneously advising Petitioner that if he plead guilty to possession of drug paraphernalia with intent to manufacture methamphetamine, he would only have to serve one-half of his sentence less meritorious good time before becoming parole transfer eligible. Petitioner asserted that any reasonably competent attorney would have advised him that he would have to serve 70% of his sentence before being eligible for parole with no credit for good time until 70% of the sentence was served. Under Arkansas law, a person who is found guilty of or who pleads guilty to possession of drug paraphernalia with intent to manufacture methamphetamine[1] or manufacture of methamphetamine[2] is not eligible for parole or community punishment transfer until he serves 70% of the term of imprisonment to which the person is sentenced. Ark. Code Ann. § 16-93-611(a)(1) (Supp. 2003).

On April 12, 2005, the Magistrate Judge issued a recommended disposition, finding that Petitioner's ineffective assistance of counsel claim was procedurally barred

---

[1] Ark. Code Ann. § 5-64-403(c)(5).

[2] Ark. Code Ann. § 5-64-401(a)(1)(I).

and recommending that Petitioner's § 2254 petition be dismissed with prejudice. *Baker v. Norris*, 5:04CV00438 GH-JFF (E.D. Ark. April 12, 2005). On May 12, 2005, Judge Howard adopted the proposed findings and recommendations and dismissed Petitioner's § 2254 petition with prejudice. Petitioner appealed from the dismissal to the Eighth Circuit and filed an application for a certificate of appealability. On October 4, 2005, the Eighth Circuit denied Petitioner's application for a certificate of appealability and dismissed his appeal. *Baker v. Norris*, No. 05-2624 (8th Cir. Oct. 4, 2005).

On March 30, 2006, Petitioner filed a state habeas corpus petition in Jefferson County Circuit Court, claiming that the Monroe County Circuit Court lacked jurisdiction to amend the judgment and commitment order without providing notice to him and affording him the right to be present and represented by counsel. He further asserted that the amended judgment and commitment order clearly prejudiced him by altering the nature and degree of his punishment. In addition, he claimed that because he had already plead guilty to a violation of Ark. Code Ann. § 5-64-401, the amended judgment and commitment order convicting him under Ark. Code Ann. § 5-64-403 violated his right to be free from double jeopardy.

On June 1, 2006, the circuit court dismissed the petition, concluding that the allegations raised by Petitioner did not demonstrate that the trial court lacked jurisdiction or that the commitment was invalid on its face. To succeed on a state petition for writ of habeas corpus, a petitioner must show that the judgment or commitment order is invalid on its face or that the trial court lacked jurisdiction. *Davis*

*v. Reed*, 316 Ark. 575, 577, 873 S.W.2d 524, 525 (1994). Petitioner appealed the dismissal of his state habeas corpus petition to the Arkansas Supreme Court. The Arkansas Supreme Court affirmed. *Baker v. State*, 2007 Ark. LEXIS 257 (Ark. Sup. Ct. April 12, 2007). The Supreme Court held that Petitioner failed to show that the commitment order was invalid on its face or that the sentencing court lacked jurisdiction to amend the judgment and commitment order to reflect the correct statute under which Petitioner plead guilty. *Id.* at ** 7-8.

On July 2, 2007, Petitioner filed the pending § 2254 petition in this Court, challenging the same state conviction and 180-month sentence that he challenged in his prior § 2254 petition. Petitioner contends that his sentence was obtained by the denial of his constitutional right to a trial and in violation of his Sixth Amendment right to be present and represented by counsel at every critical stage of the criminal proceedings against him. In support of this claim, Petitioner alleges, *inter alia*, that on October 26, 2004, the trial court issued an amended judgment and commitment order that changed the statutory crime to which Petitioner had plead guilty from a violation of § 5-64-401 to a violation of § 5-64-403.[3] He alleges that the trial court entered the amended judgment and commitment order without providing notice to him or his counsel, without providing him with a trial, and without providing him with the opportunity to be heard "by himself and counsel." He further asserts that by entering the amended judgment and commitment order, the trial court violated his constitutional right

[3] The Magistrate Judge notes that the amended judgment and commitment order was filed on October 29, 2004.

to be free from double jeopardy. Petitioner alleges that as a result of the amended judgment and commitment order, he must serve 70% of his sentence before becoming eligible for parole.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to summarily dismiss a habeas corpus petition prior to any answer or other pleading by the State.[4] Summary dismissal is appropriate under Rule 4 where the face of the petition and the court records, of which a federal district court can take judicial notice, indicate that the petition is a second or successive petition filed without authorization from the appropriate court of appeals. *Harris v. Dretke*, 2004 U.S. Dist. LEXIS 14509 at ** 3-4 (N.D. Tex. July 28, 2004) (recommended disposition), adopted by order of district court, 2004 U.S. Dist. LEXIS 16273 (N.D. Tex. Aug. 13, 2004); *Scott v. Dretke*, 2005 U.S. Dist. LEXIS 31269 at ** 3-5 (N.D. Tex. Dec. 6, 2005) (recommended disposition), adopted by order of district court, 2005 U.S. Dist. LEXIS 36300 (N.D. Tex. Dec. 28, 2005); *Nash v. Beard*, 2006 U.S. Dist. LEXIS 80218 at ** 1-5 (M.D. Pa. Oct. 17, 2006). Before filing a second or successive habeas

---

[4] Rule 4 provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

application in district court pursuant to § 2254, a petitioner is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over a successive habeas petition" until the court of appeals has granted the Petitioner permission to file one. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997).

From the face of the instant habeas petition and the court records, it is apparent that Petitioner's petition is a second or successive federal habeas application. Petitioner has not obtained authorization from the Eighth Circuit to file a second or successive application. Accordingly, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be summarily dismissed without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be summarily dismissed without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Dated this 17th day of July, 2007.

/s/ John F. Forster, Jr.
UNITED STATES MAGISTRATE JUDGE